## Case No. 10,492.

In re OLIVER et al. .

[19 N. B. R. (1879) 291.] 1

District Court, E. D. Michigan.

CHATTEL MORTGAGES — DEBTS CONTRACTED AFTER EXECUTION AND BEFORE RECORDING—FOLLOWING STATE PRACTICE.

Where the supreme court of a state has decided that, under its chattel mortgage law, mortgages are void as to all creditors who become such between the giving and recording of the mortgage, the district court will adopt such construction, and hold such mortgages void as against the assignee in bankruptcy of the mortgagor, where debts were contracted after the execution of the mortgage. Sawyer v. Turpin, 91 U. S. 114, distinguished.

On the petition of Isaac Young that the assignee be required to pay over to him the proceeds of certain mortgaged property. The petition alleged that petitioner held a mortgage of personal property, executed by the bankrupts to him August 12, 1877, but not recorded until November 29th of the same year. The mortgage covered certain goods, from the sale of which the assignee received the money now in his hands. Bankruptcy proceedings were instituted December 12th. The answer of the assignee admitted the giving and recording of the mortgage at the dates named, his appointment as assignee, and the fact that he had in his hands nearly one thousand dollars, the proceeds of the sale of the mortgaged property; but denied that he should pay that amount to the petitioner, for the reason that, practically, all of the debts proven against the bankrupts' estate were contracted before such mortgage was recorded; and claimed that, under the statutes of this state, the mortgage was absolutely void as against such creditors, and, consequently, against himself, as representing them.

Shepard & Lyon, for petitioner.
Mr. Cooley, for assignee.

BROWN, District Judge. There is no question that the mortgage was given for a valuable consideration, passing at the date of its execution. It is claimed, however, that the debts of the bankrupt were mainly contracted after the giving of the mortgage, and before its filing; that it was not filed until fourteen days before the commencement of bankruptcy proceedings, and that it is, therefore, invalid as against the assignee. Section 4706 of the compiled laws of this state provides: "That every mortgage, or conveyance intended to operate as a mortgage, of goods and chattels not accompanied

---

1 [Reprinted by permission.]

by immediate delivery and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers or mortgagees in good faith, unless the mortgage shall be filed," etc. The act does not define who are creditors within the meaning of this section, and it is left for the courts to determine whether it applies to those who have levied upon the stock by virtue of an attachment or execution before the mortgage is filed, or to all those who became creditors between the execution and filing of the mortgage. A similar statute in Massachusetts, declaring that no such mortgage should be valid "against any other persons than the parties thereto, unless recorded, was considered by the supreme court of that state in Mitchell v. Black, 6 Gray, 100. In that case it was held that one who had taken bills of sale of merchandise from his debtor, as security for money advanced, and who had allowed the debtor to sell portions of the merchandise, in the usual course of his business, as if he were the owner thereof, might take possession of it at any time, in order to secure his debt, and that such taking of possession, though at a time when the debtor was known by himself and the creditors to be insolvent, was effectual, notwithstanding the state insolvent law, which contained provisions very like those of the bankrupt act [of 1867 (14 Stat. 517)]. In speaking of the registration of mortgages, the court observed: "The time when the record shall be made is not specifically prescribed by the statute, though it must undoubtedly precede the possession by others subsequently acquiring an interest in the mortgaged property. To prevent it from passing to them, it will be sufficient that the record is made at any time before such possession is taken, though it be long after the execution of the mortgage." A somewhat similar case came before the supreme court of the United States, on appeal from the circuit court for the district of Massachusetts, in Sawyer v. Turpin, 91 U. S. 114. In this case a bill of sale of personal property was executed on the 15th of May, 1869, but the conveyance was not recorded, nor was possession had thereunder. On the 31st of July this bill of sale was surrendered, and a chattel mortgage upon the same property executed in exchange therefor, but this mortgage was not recorded until the 17th of September. Proceedings in bankruptcy having been commenced within a little more than a month thereafter, the assignees filed their bill in the district court to set aside this mortgage as a fraudulent preference. In passing upon the question, the supreme court adverted to the case of Mitchell v. Black, above cited, and adopted the construction given therein to the chattel mortgage law of Massachusetts, and held that, as the mortgage was recorded before the rights of the assignee in bankruptcy accrued, it could not be impeached by the complainant, and the court added that, even if the failure to put it on record enabled the debtor to maintain a credit he ought not to have enjoyed, it could make no difference, as the bankrupt act was not intended to prevent false credits. Other cases to the same effect are: In re Wynne [Case No. 18,117]; Miller v. Jones [Id. 9,576]; Ex parte Dalby [Id. 3,540]; Cragin v. Carmichael [Id. 3,319]; Seaver v. Spink [65 Ill. 441]; Player v. Lippincott [Case No. 11,224]; National Bank of Fredericksburg v. Conway [Id. 10.037]. The same question came before this court in the case of In re Barman [Id. 999], in which the mortgage was made on the 9th of August, but was not filed until the 8th of December, nor possession taken until January. It was conceded that the mortgage was given for a present consideration, and would have been valid, if filed when executed, as against bankruptcy proceedings; but that, as it was not filed until December, it should be regarded, as against the assignee of the bankrupt, as taking effect from that date. As the supreme court of this state had not then settled the construction to be given to the word "creditors" in the chattel mortgage act, I felt constrained to follow the case of Sawyer v. Turpin [supra], as giving a construction to a similar statute of another state, although I was aware at the time that such construction was putting it in the power of debtors to defeat the purposes of the bankrupt act, by giving chattel mortgages upon their stocks in trade, and persuading the mortgagee to keep them off the record, to the prejudice of creditors, who might have trusted them upon the faith of their apparent ownership of the property. But, at the last term of the supreme court of this state, a construction was given to this statute in the case of Feary v. Cummings, 1 N. W. 946, different from that given by the supreme court of Massachusetts to the statute of that state. In this case the mortgagees, who had purchased the mortgaged property upon foreclosure, were sought to be held as garnishees of the principal debtor. It appeared the mortgage was made October 8, 1877, but was not filed until May 28, 1878. Plaintiffs became creditors of the mortgagor, the principal defendant, between the giving and the filing of the mortgage, although they did not obtain judgment until September, 1878, after the seizure and sale of the property to the mortgagee. The court held that, if the mortgage was not put on file prior to the plaintiffs becoming creditors, it was invalid as against them, "the law being that those who become creditors while the mortgage is not filed are protected, and not merely those who obtain judgments or levy attachments before the filing;" and that, although no creditor could impeach the mortgage before taking proceedings against the property, yet, if

such proceedings were taken, he would be considered as a creditor within the meaning of the section, if his debt accrued between the giving and filing of the mortgage; citing in this connection Thompson v. Van Vechten, 27 N. Y. 568, where a similar construction was given to the statute of that state. See, also, Bostwick v. Foster [Case No. 1,682]; Harris v. Exchange Nat. Bank [Id. 6,119]; Moore v. Young [Id. 9,782]; Allen v. Massey [Id. 231]; Harvey v. Crane [Id. 6,178]. The construction thus given to this statute is obligatory upon this court, and I must therefore hold in this case that the petitioner can take nothing by his mortgage. The petition is therefore dismissed.

Since this opinion was prepared, the case of Platt v. Preston [Id. 11,219], decided by Judge Choate, has appeared in the Bankruptcy Register. In that case the same conclusion was reached, for the same reasons here given. The mortgage is not rendered invalid by the bankrupt law or because the filing constitutes a preference, but it may be set aside by the assignee, because, by the law of the state, it is void as against the creditors whom he represents.